**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| JOHN DOE,<br><br>   Plaintiff,<br><br> v.<br><br>OWEN FRANCIS CARGOL, et al.,<br><br>   Defendants. | No. CIV 03-0248-PHX-SMM<br><br>**ORDER** |

  Pending before the Court are three interrelated Motions: 1) Plaintiff's Motion for Attorney's Fees [Doc. No. 89]; 2) Defendants Cargol's and Lee's Motion to Strike Plaintiff's Joint Reply to Defendants' Objections to Plaintiff's Bill of Costs [Doc. No. 94] and 3) Defendants' Motion to File Surreply or Alternatively to Strike New Evidence in Plaintiff's Reply Memorandum [Doc. No. 126].

## BACKGROUND

  This case arose out of an altercation between Plaintiff John Doe, an employee of Northern Arizona University ("NAU") and Dr. Owen Cargol, the President of NAU at the time of the altercation. On April 5, 2002, Plaintiff filed a notice of claim as required by A.R.S. § 12-821.01 and demanded $300,000 to settle the claim. The State of Arizona subsequently denied the claim and on October 22, 2002 Plaintiff filed suit in state court naming as defendants NAU, the Arizona Board of Regents, Owen Francis Cargol, and Dai-Lih Cargol (collectively "Defendants"). The following procedural activity also took place in this case:

- On May 15, 2003, Plaintiff filed a Motion for Leave to Proceed under a Pseudonym which Defendants opposed.
- On February 6, 2003, this case was removed from state court to this Court.
- On February 26, 2003, the NAU Board filed a two paragraph motion to dismiss the Title VII claim on jurisdictional grounds because the Plaintiff had not completed the EEOC administrative process.

- On October 2, 2003, Plaintiff filed his First Amended Complaint which cured the jurisdictional defect and added negligence claims against Heidrick & Struggles, Inc.[1] [Doc. No. 30].
- On October 16, 2003, Defendant Cargol filed a Motion to Dismiss contending that the first amended complaint failed to allege the deprivation of a constitutional right and failed to allege Defendant Cargol acted under color of law [Doc. No. 32]. This Motion was opposed by Plaintiff and subsequently denied by this Court [Doc. No. 50].
- On September 21, 2004, the parties also filed a Joint Case Management Plan [Doc. No. 56] and appeared at a Rule 16 Hearing on September 28, 2004.
- Thereafter, the parties engaged in limited discovery (Defendants took Plaintiff's deposition and Plaintiff took Defendant Cargol's and Ms. McKay's depositions).
- On April 1, 2005, the parties participated in an unsuccessful mediation in which Stephen Scott, a former Superior Court judge served as mediator.
- On April 26, 2005, the Defendants made an Offer of Judgment pursuant to Rule 68 [Doc. No. 86] of $101,005 "plus taxable costs and attorney's fees reasonably incurred to the date of this offer, as determined by the court."
- On May 4, 2005, Plaintiff accepted the Offer of Judgment and the clerk of court entered judgment on May 11, 2005 [Doc. No. 84].
- On May 11, 2005, the Court entered judgment against Defendants NAU, the Arizona Board of Regents, Owen Francis Cargol, and Dai-Lih Cargol in the amount of $101,005 [Doc. No. 87].
- On May 25, 2005, Plaintiff filed the pending Motion for Attorney's Fees [Doc. No. 89].

## **DISCUSSION**

The Court will first address Defendants' procedural motions before addressing Plaintiff's Motion for Attorney's Fees and Costs.

**I. Defendants' Motion to Strike**

Defendants have moved to strike Plaintiff's Reply to the their Objections [Docs. No. 91 and 92] to Plaintiff's Bill of Costs [Doc. No. 88]. The Court finds that under LRCiv 54.1, a Reply to Objections is not permitted or contemplated. In fact, LRCiv 54.1

---

[1] Plaintiff entered into a Stipulation with Defendant Heidrick & Struggles dismissing them from this action and agreeing that each party shall bear its own costs and attorneys fees on July 9, 2005 [Doc. No. 101].

- 2 -

specifically sets forth the procedure for resolving disputes over taxable costs and states that either the parties may request or the Clerk may call for a taxation hearing. Accordingly, the Court finds that Defendants' Motion to Strike Plaintiff's Joint Reply to Defendants' Objections [Doc. No. 94] is granted.

**II. Defendant Motion to File Surreply**

Defendants have filed a Motion to File a Surreply to Plaintiff's Reply in support of his Motion for Attorney's Fees which they contend is necessary because Plaintiff presented new evidence in his Reply. The Ninth Circuit has adopted the position taken by the Seventh Circuit and held that where "new evidence is presented in a reply to a motion...the district court should not consider the new evidence without giving the [non-] an opportunity to respond." Provenz v. Miller, 102 F.3d 1478, 1483 (9th Cir. 1996) (quoting Black v. TIC Inv. Corp., 900 F.2d 112, 116 (7th Cir. 1990)).

After examining the Plaintiff's Reply, the Court finds that Plaintiff's Reply does contain new affidavits from Mr. Rogers, Mr. O'Connor, Ms. Wilson, Mr. Bonnett and Mr. Gomez. Accordingly, the Court finds that in the interest of thoroughness and justice it will consider the new evidence filed by Plaintiff, but will also allow Defendants to file a Surreply. Thus, Defendants' Motion to File a Surreply or Alternatively to Strike New Evidence in Plaintiff's Reply Memorandum [Doc. No. 126] is granted.

**III. Attorney's Fees**

### STANDARD OF REVIEW

In Section 1988 and Title VII cases, the fees must be determined using the lodestar/multiplier calculation method. Blanchard v. Bergeron, 489 U.S. 97, 94 (1989); Passatino v. Johnson & Johnson Consumer Products, Inc., 212 F.3d 493, 518 (9 th Cir. 2000) (addressing fees awarded pursuant to Title VII and Section 1983); Friend v. Kolodzieczak, 72 F.3d 1386, 1389 (9th Cir. 1995); The Ninth Circuit requires a district court to calculate an award of attorneys' fees by first calculating the lodestar. See Caudle v. Bristow Optical Co. Inc., 224 F.3d 1014, 1028 (9th Cir. 2000). The lodestar is calculated by multiplying the number of hours the prevailing party reasonably expended on the litigation by a reasonable hourly rate and excluding those hours that are "excessive, redundant or otherwise unnecessary." Id. at 1028.

### DISCUSSION

The Court must also provide "concise but clear" reasons for a fee award. Hensley v. Eckerhart, 461 U.S. 424, 433, 103 S.Ct. 1933, 1939 (1983). Both the Supreme Court and Ninth Circuit have also held that a prevailing party in an action brought under 42 U.S.C. § 1983 is entitled to reasonable attorney's fees pursuant to 42 U.S.C. § 1988. Id. at 429;

Herrington v. County of Sonoma, 883 F.2d 739, 743 (9th Cir. 1989) (stating that in civil rights cases in which the plaintiff prevails, "fee awards should be the rule rather than the exception"). Moreover, the Offer of Judgment accepted by Defendants clearly provides for the reasonable recovery of attorney's fees.

The issue of whether Plaintiff prevailed is not before the Court, as Defendants concede that Plaintiff "prevailed" and is entitled to attorney's fees. (Def. Response, p. 7). Defendants, however, contend that the figure sought by Plaintiff is unreasonable because Plaintiff both (1) expended an excessive and unreasonable number of hours on this case and (2) has proposed an hourly rate that is unreasonable.

### A. *Hours*

Preliminarily, the Court finds that Plaintiff has failed to set forth, in a clear and concise manner the exact number of hours and the total dollar amount of fees sought. For example, in his Motion for Attorney's Fees [Doc. No. 99] Plaintiff seeks $191,194.50 in fees based on 761.7 hours billed. In the Memorandum filed in support of this Motion [Doc. No. 100], Plaintiff seeks compensation for 722.6 hours and $181,125.00 in fees prior to the offer of judgment and 115.6 hours expended after the offer of judgment.[2] In his Reply, Plaintiff concedes that the fees sought should be reduced by $5,672.00 to $175,453 (Pl.'s Reply p.11, Ex. 1). Accordingly, after its best efforts to determine Plaintiff's most current fee request, the Court finds that Plaintiff is seeking fees in the amount of $175,453 for approximately 700 hours.[3]

After reviewing the motions and evidence provided by the parties, the Court finds that Plaintiff seeks fees for the following noteworthy activities: 1) three different time keepers spent approximately 40 hours transforming a Notice of Claim into a Complaint; 2) the attorneys engaged in extensive conferencing (approximately 60 hours) in a case that was in its early stages; and 4) Mr. Rogers and Mr. O'Connor billed approximately 80 hours in connection with Plaintiff's Deposition; 5) Mr. Rogers and Mr. O'Connor billed

---

[2] Plaintiff has conceded that he is not entitled to fees for hours expended after the offer of judgement. (Pl.'s Reply p. 4)

[3] The Court finds that while Defendant's do not agree that 726.2 expended hours is reasonable, it does not dispute that Plaintiff's attorneys did in fact bill these hours. The Court also notes that Exhibit 1 to Plaintiff's Reply indicates that Plaintiff agreed to reduce 17.0 hours for Attorney Wilson, 7.0 hours for Attorney Rogers and 2.5 hours for paralegal Garcia for a total of 22.7 hours to be deducted from 726.2. Finally, the Court finds that Defendants do not dispute the accuracy of Plaintiff's $175,453 figure but rather contend that the figure is derived from an improper number of hours multiplied by improper hourly rates for some of Plaintiff's attorneys.

approximately 40 hours in connection with Defendant Cargol's deposition; 6) Mr. Rogers and Mr. O'Connor billed approximately 25 hours in connection with Ms. McKay's deposition; and 7) Mr. Rogers engaged in substantial amount of legal research despite his role as a senior attorney and the availability of junior associates.

The Court notes that Plaintiff expressly relies on the experience and expertise of Mr. Rogers and Mr. O'Connor in attempting to justify his requested billable rates and finds that such reliance is understandable as Mr. Rogers was admitted to practice in 1973 and Mr. O'Connor was admitted to practice in 1984.  The Court, however, also finds that given the extensive experience of these attorneys, sending both of them to depositions where Mr. Rogers did not actively question the deponents is unreasonable.  Likewise, the Court finds that it is unreasonable for a senior attorney to conduct approximately 50 hours of research where more junior associates were available and also finds that 40 hours is an unreasonable amount of time for the conversion of a notice of claim into a complaint.  Furthermore, the Court finds having several senior attorneys staffed on this case led to an unreasonable generation of fees from conferencing and consultation. Finally, the Court notes that Plaintiff has conceded that his fee request should be adjusted.[4]   Based on these findings, the Court concludes that following hours expended by Plaintiff's attorneys and paralegals are reasonable:[5]

    1) Mr. Roger: 300 hours
    2) Mr. O'Connor: 80 hours
    3) Ms. Wilson: 139.3
    4) Mr. LaSota: .2 hours
    5) Ms. Whalen: .4 hours
    6) Ms. Cannata: .4 hours
    7) Ms. Buzicky: 6.7 hours
    8) Ms. Garcia: 31.3 hours
    9) Ms. Holm: 2.2 hours
    10) 40 reclassified hours at the rate of $150 per hour. (20 hours for each Mr. Rogers and Mr. O'Connor).

---

[4] In fact, Plaintiff states: "[t]hat is not to say that in light of Defendants' Response, that some further adjustments, in addition to the more than 80 hours already deleted or reduced, are not appropriate." (Pl's Reply, p. 6).

[5] These figures include the reductions Plaintiff conceded were appropriate in his Reply. (Pl.'s Reply, Ex. 1).

While the Court finds that reductions in Plaintiff's requested hours are necessary, the Court also finds that this was a complicated case, involving significant issues that lasted for approximately three years. Additionally, the Court finds that Plaintiff was forced to prepare and file several procedural and substantive motions over the course of the litigation. Finally, the Court notes that while Defendants strenuously object to the amount of hours expended by Plaintiff's counsel, Defendants lawyers spent approximately 500 hours defending this case. Accordingly, the Court finds that Plaintiff's requested hours, reduced in accordance with this Order, are reasonable.

*B. Rate*

The Court also finds that a significant dispute exists over the appropriate hourly rate for Plaintiff's attorneys. The Ninth Circuit has held that "[i]n determining a reasonable hourly rate, the district court should be guided by the rate prevailing in the community for similar work performed by attorneys of comparable skill, experience, and reputation." Chalmers v. City of Los Angeles, 796 F.2d 1205, 1210-1211 (9th Cir. 1986).

Plaintiff contends that the following hourly rates should apply: 1) $275/hour for Mr. Rodgers, Ms. O'Connor, Mr. LaSota and Ms. Whalen; 2) $225/hour for Ms. Wilson and Ms. Canata; 3) $150/hour for Jodi Buzicky and 4) $60/hour for paralegal assistance. In support of this contention, Plaintiff has provided the Court with numerous affidavits from attorneys that indicate that labor and employment attorneys in Phoenix bill in a range from $250-$400.

Defendants object to these rates as unsupported by the evidence and have presented affidavits indicating that this range is unreasonable for the Phoenix market. Defendants argue that Plaintiff's fee agreement indicates that Plaintiff is required to pay the attorneys at a rate of $120 per hour.[6] Furthermore, Defendants contend that these hourly rates dwarf the rates at which the Defense team billed.[7]

The Court notes that the Ninth Circuit has upheld an award of $250/hour as reasonable in the Phoenix market in a fact intensive and time consuming case. Shapiro v. Paradise Valley Unified School Dist., 374 F.3d 857 (9th Cir. 2004). Additionally, in Shapiro, the Ninth Circuit also rejected an argument that the plaintiff's rate was not based on

---

[6] While the fee agreement does specify this rate, the Court finds that the fee agreement specifically states that this is a reduced rate to be paid prior to any potential recovery from which the attorneys would get a contingency fee.

[7] David Schwartz, Mr. Cargol's Attorney billed at $125, Mr. Richard Woods, the attorney for Heidrick & Struggles billed at $175 per hour and Mr. Goodwin, who as an assistant Attorney General does not bill at any rate, has a rate of $185 per hour under the Attorney General's fee schedule.

- 6 -

the prevailing market rate because it was higher than the rate typically charged by the defense counsel. Id. at 866.

Like the case in Shapiro, this Court finds that the instant case was time consuming and complex. The Court also finds that rates requested by Plaintiff's counsel are on the low end of the market rate based on the evidence presented to this Court and are either slightly above or below the $250 per hour award recently found to be reasonable by the Ninth Circuit. Accordingly, the Court finds that Plaintiff's requested hourly rates fall within the market rate and are therefore appropriate.

*C. Lodestar Adjustment*

After the Court calculates the lodestar amount, it must also assess whether additional considerations require it to adjust the figure. Caudle, 224 F.3d at 1028; accord Kerr v. Screen Extras Guild, Inc., 526 F.2d 67, 70 (9th Cir. 1975), cert. denied, 425 U.S. 951 (1976) (factors the court can consider in adjusting the lodestar are: (1) the time and labor required; (2) the novelty and difficulty of the questions involved; (3) the skill requisite to perform the legal service properly; (4) the preclusion of other employment by the attorney due to acceptance of the case; (5) the customary fee; (6) whether the fee is fixed or contingent; (7) time limitations imposed by the client or the circumstances; (8) the amount involved and the results obtained; (9) the experience, reputation, and ability of the attorneys; (10) the "undesirability" of the case; (11) the nature and length of the professional relationship with the client; and (12) awards in similar cases).

Having considered the factors set forth above, the Court finds that an adjustment to the lodestar amount is not warranted in this case.

**IV. Costs**

The Court finds that Plaintiff has re-asserted his request for costs under 28 U.S.C. § 1920 and pursuant to 42 U.S.C. § 1988 in his Motion for Attorney's Fees [Doc. No. 89]. Under LRCiv 54.1, however, the Clerk of Court is required to decide which costs are taxable under Section 1920. Accordingly, this Court will not address Plaintiff's request for costs until after the Clerk has evaluated Plaintiff's Bill of Costs [Doc. No. 88]. If Plaintiff still wishes to seek nontaxable costs under 42 U.S.C. § 1988 after the Clerk's determination, he may re-file a request for costs.

## **CONCLUSION**

The Court finds that Plaintiff is entitled to attorney's fees in the amount of $145,122.50.

**IT IS HEREBY ORDERED** that Defendant ABOR's Motion to File a Surreply Plaintiff's Reply in Support of his Motion for Attorney's Fees [Doc. No. 126] is **GRANTED**.

**IT IS FURTHER ORDERED** that Defendants Cargol's and Lee's Motion to Strike Plaintiff's Joint Reply to Defendants' Objections to Plaintiff's Bill of Costs [Doc. No. 94] is **GRANTED**.

**IT IS FURTHER ORDERED** that Plaintiff's Motion for Attorney's Fees and Costs is hereby **GRANTED** in part and **DENIED** in part. Plaintiff is entitled to attorney's fees in the amount of $145,122.50 from Defendants NAU, the Arizona Board of Regents, Owen Francis Cargol, and Dai-Lih Cargol.  The Court will not address Plaintiff's request for costs under 42 U.S.C. §1988 at this time.  If necessary, Plaintiff may re-file a request for costs after the Clerk has addressed Plaintiff's Bill of Costs.

**IT IS FURTHER ORDERED** that the Clerk shall address Plaintiff's Bill of Costs [Doc. No. 88] as soon as feasible.

DATED this 28th day of March, 2006.

_____
Stephen M. McNamee
Chief United States District Judge