**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| John Doe, a fictitious name, | No. CIV 03-248-PHX-SMM |
| Plaintiff, | **MEMORANDUM OF DECISION AND ORDER** |
| v. | |
| Owen Francis Cargol, et al., | |
| Defendants. | |

Pending before the Court is Plaintiff John Doe's ("Plaintiff") Request for Reimbursement of Costs or Reimbursement as Part of Attorneys' Fees (Dkt. 132.) After considering the briefs filed in support of and in opposition to Plaintiff's request, the Court issues this Memorandum of Decision and Order.

## **BACKGROUND**

This case arose out of an altercation between Plaintiff, an employee of Northern Arizona University ("NAU"), and Dr. Owen Cargol, the President of NAU at the time of the altercation. (Dkt. 30.) On October 22, 2002, Plaintiff filed suit in Arizona state court naming as defendants NAU, the Arizona Board of Regents ("ABOR"), Dr. Cargol, and Dai-Lih Cargol (the "Cargol Defendants"; collectively with NAU and ABOR, "Defendants"). (Dkt. 1.) On February 6, 2003, Defendants removed the case to this Court. (Id.)

Against the Cargol Defendants, Plaintiff asserted state law claims of assault and battery, as well as a civil rights violation claim under 42 U.S.C. § 1983. Against ABOR and NAU, Plaintiff asserted a claim under Title VII of the Civil Rights Act of 1964, 42 U.S.C. §2000e, as well as claims for negligent hiring, retention and supervision, negligent misrepresentation, and professional negligence. (Dkt. 30.)  Between September 28, 2004, and March 31, 2005, the parties engaged in limited discovery. (Dkts. 66-71, 78-81.)

On April 1, 2005, the parties participated in an unsuccessful mediation in which Stephen Scott, a former Superior Court judge, served as mediator. On April 26, 2005, Defendants made an Offer of Judgment pursuant to Rule 68 of the Federal Rules of Civil Procedure of $101,005 "plus taxable costs and attorney's fees reasonably incurred to the date of this offer, as determined by the court" (the "Offer of Judgment"). (Dkt. 86.) On May 4, 2005, Plaintiff accepted Defendants' Offer of Judgment. (Dkt. 84.) Judgment was entered against Defendants on May 11, 2005. (Dkt. 87.)

On May 25, 2006, Plaintiff filed a Bill of Costs and a Motion for Award of Attorneys' Fees and Expenses. (Dkts. 88-89, 99, 100.) In his Motion for Attorneys' Fees and Expenses, Plaintiff argued that he was entitled to an award of reasonable attorneys' fees and, under 42 U.S.C. §1988, to reasonable out-of-pocket expenses for items incurred by Plaintiff's attorneys, which may be nontaxable under 28 U.S.C. §1920. (Dkt. 99 at 3, 12-12-13.) Defendants filed objections to the Bill of Costs and a response in opposition to his Motion for Attorneys' Fees and Expenses. (Dkts. 91-92, 109-110.) Plaintiff replied to Defendants' response (Dkt. 118).[1]

On March 29, 2006, this Court granted Plaintiff's Motion for Attorneys' Fees and Expenses in part, awarding him $145,122.50 in attorneys' fees. (Dkt. 130.) Because the Court Clerk had not yet determined the amount of taxable costs to which Plaintiff was

---

[1] On March 29, 2006, the Court granted Defendants' Motion to Strike Plaintiff's Joint Reply to Defendants' Objections. See Dkt. 30 at 2-3.

entitled under §1920, the Court did not address Plaintiff's request for reasonable expenses under §1988. (Id. at 8.) Instead, the Court permitted Plaintiff to re-file his request for costs and expenses after he received the Clerk's decision on his Bill of Costs. (Id.) On May 24, 2006, the Clerk determined that, of the $12,406.66 costs Plaintiff submitted for taxation, $2,717.20 were taxable and added to Plaintiff's judgment against Defendants. (Dkt. 131.)

On June 1, 2006, Plaintiff filed the instant Motion requesting reimbursement of $9,573.96 in costs and reasonable expenses.[2] (Dkt. 132.) The Cargol Defendants filed a response in opposition to the instant Motion, and Defendant ABOR joined in and supplemented that response. (Dkts. 135-36.) Plaintiff replied to both responses. (Dkt. 137.)

## DISCUSSION

**A.      Plaintiff is Entitled to Reasonable Expenses Under 42 U.S.C. §1988**

Under Title 42, United States Code, section 1988, successful civil rights plaintiffs "may recover as part of the award of attorney's fees those out-of-pocket expenses that 'would normally be charged to a fee paying client.'" See Harris v. Marhoefer, 24 F.3d 16, 19-20 (9th Cir. 1994) (out-of-pocket litigation expenses reimbursable as part of the attorneys' fee, distinct from costs). Expenses awarded under §1988 may exceed normal taxable costs and are recoverable if reasonable. Harris. 24 F.3d at 20 (prevailing plaintiff reimbursed for "necessary and reasonable costs" including "copying costs, hotel bills, meals, messenger service, and employment record reproduction"). However, routine expenses which are incorporated into attorneys' rates, such as routine office overhead expenses, are not recoverable under §1988. Cleveland Area Board of Realtors v. City of Euclid, 965 F.Supp. 1017, 1023 (N.D.Ohio 1997).

/ / /

/ / /

---

[2] Plaintiff claims to seek $10,964.37. See Dkt. 132 at 3. Although the Court does not know how Plaintiff calculated this number, it is clear that the total of costs Plaintiff lists is $9,573.96. Id.

- 3 -

1 **B.**        **Plaintiff is Entitled to Recover $9,215.73 in Costs and Expenses**

2        There is no dispute that Plaintiff is the "prevailing party" in this civil rights and Title VII case. Plaintiff seeks a total of $9,573.96 in out-of-pocket expenses and costs pursuant to 28 U.S.C. §1920 and 42 U.S.C. §§1988 and 2000e-5(k).

5        Defendants contend the Clerk of Court correctly taxed costs under §1920 and that Plaintiff is not entitled to recover any additional costs or expenses under §§1988 and 2000e-5(k). Plaintiff argues that the Clerk erred in failing to tax certain costs, other costs are recoverable under §1988 as reasonable, out-of-pocket litigation expenses that are normally charged to clients, and expert fees recoverable under §2000e-5(k).

10        **1.**        **Court Reporter Fees**

11        In his Bill of Costs, Plaintiff sought to recover $4,545.70 in court reporter fees. (Dkt. 88 at 1, Ex. B.) The Clerk of Court determined that $2,119.20 of those fees were taxable costs.[3] (Dkt. 131.) Plaintiff now seeks to recover the remaining $2,426.50 in court reporter fees. (Dkt. 132 at 3.)

15        Defendants object to five categories of Plaintiff's requested court reporter costs: exhibit copies, appearance fees, processing/delivery of transcripts, videotaping services, condensed transcripts, and transcripts on ASCII disks.

18                **a. Exhibit Copies, Processing/Delivery, and Appearance Fees**

19        Defendants dispute $99.95 in costs awarded by the Clerk for copies of deposition exhibits included in transcripts and for processing/delivery of deposition transcripts. See supra note 3. In addition, Plaintiff seeks to recover $512.50 in appearance fees for two depositions and one oral report and $65 for transcripts on ASCII disks and condensed deposition transcripts with word indexes.

---

[3]Although the $2,119.20 is not specifically broken down in the Order, it is clear that the Clerk allowed Plaintiff to recover the following costs: (i) original and copy of Dr. Bradley Wilson's "deposition," and binding/delivery fee ($167.75); (ii) original and copy of Plaintiff's deposition plus exhibit reproduction and delivery/handling fee ($822.20); and (iii) original and copy of Dr. Cargol's deposition plus exhibit reproduction and processing/delivery fee ($1129.25).

- 4 -

Fees incurred for obtaining deposition transcripts may be recovered by the prevailing party under 28 U.S.C. §1920(2). <u>Washington State Dep't of Transp. v. Washington Natural Gas Co.</u>, 59 F.3d 793, 806 (9th Cir. 1995). Although the costs of deposition exhibit copies and the processing/delivery of deposition transcripts are not explicitly mentioned in §1920(2), reproduction of deposition exhibits, processing fees, and delivery costs are inextricably related to and necessary in order to provide a complete deposition transcript. <u>See</u> LRCiv. 54.1(e)(3) (reporter's charge for copy is taxable; reasonable expenses of deposition reporter/notary are taxable). Thus, the Clerk properly awarded Plaintiff **$99.95** for exhibit copies and processing/delivery fees for the deposition transcripts at issue here.

Moreover, Plaintiff is entitled to recover all reasonable out-of-pocket expenses that attorneys normally charge to clients. <u>See</u> 42 U.S.C. §1988. It is undisputed that the cost of appearance fees, transcripts on ASCII disks, and condensed deposition transcripts with word indexes are out-of-pocket expenses utilized by attorneys and ordinarily added to clients' bill. <u>See</u> Dkts. 100, Ex. F at ¶7; 118, Ex. K at ¶21 and pg. 13. Thus, under §1988, the Court awards Plaintiff **$577.50** in appearance fees, ASCII disks, and condensed transcripts.[4]

### b. Costs Associated with Videotaped Deposition and Interview

Defendants object to $167.75 the Clerk awarded Plaintiff for the cost of a stenographic transcript of Dr. Bradley Wilson's oral medical report because the "interview was not noticed or conducted pursuant to Federal Rule of Civil Procedure 30-32," and thus the costs are not associated with a deposition, dkt. 135 at 1-2. <u>See</u> <u>supra</u> note 3. Plaintiff

---

[4]The Court rejects Defendants' assertion that it is not reasonable to award Plaintiff the appearance fee for Kay McKay's deposition because that deposition was "wholly unnecessary" and took place the day before the mediation "for the purpose of developing information directed at the negligence claims against" two dismissed defendants. Dkt. 135 at 4. Plaintiff has demonstrated that Ms. McKay, a member of NAU's ABOR, provided critical testimony pertaining to claims against *all* Defendants, including that this case was one of the worst things that had ever happened at NAU. See Dkt. 137 at 3.

1  requests a total of $1,849 in costs associated with videotaping (i) Dr. Cargol's deposition;
2  and (ii) Dr. Wilson's oral medical report.  (Dkt. 132 at 3-5.)  Defendants object to Plaintiff
3  recovering the costs for videotaping both the deposition and oral medical report, as well as
4  the costs for copying, storing, editing, archiving, expediting, and shipping/handling both
5  videotapes, on the grounds that videotaped depositions are not taxable under §1920(2) or
6  LRCiv. 54.1(e)(3).

### Dr. Cargol's Videotaped Deposition

8  Although §1920(2) does not explicitly provide for the taxation of costs
9  associated with videotaped depositions, Rule 30(b)(2)-(3) of the Federal Rules of Civil
10 Procedure authorizes videotape depositions as an alternative to traditional stenographic
11 depositions.  Interpreting §1920(2) in conjunction with Rule 30(b)(2)-(3), the Court finds
12 that §1920(2) implicitly permits taxation of the costs for videotape depositions.  See Cherry
13 v. Champion Int'l Corp., 186 F.3d 442, 448-49 (4th Cir. 1999) (permitting taxation of costs
14 of video depositions); accord Tilton v. Capital Cities/ABC, Inc., 115 F.3d 1471, 1477 (10th
15 Cir. 1997); Morrison v. Reichhold Chemicals, Inc., 97 F.3d 460, 464- 65 (11th Cir. 1996).

16 All parties agree that, in order to recover the cost for obtaining *both* a
17 stenographic transcript and videotape of a deposition, the party seeking recovery must
18 demonstrate that "both costs were 'necessarily obtained for use in the case.'"  Cherry, 186
19 F.3d at 448-49, citing 28 U.S.C. §1920(2).

20 Plaintiff contends both the transcript and videotape of Dr. Cargol's deposition
21 were necessarily obtained because "Dr. Cargol resides out of the country and it was unclear
22 whether he would voluntarily return" to testify at trial.  (Dkts. 118, Ex. K at pg. 14-15.)  In
23 addition, Plaintiff asserts that Dr. Cargol's "testimony about what he said, wrote, and *did*
24 to [him] were such critical components of this case, a video deposition was essential to
25 illustrate and convey what had occurred."  (Id., emphasis added.)  Defendants do not
26 respond to Plaintiff's argument that it was necessary to videotape Dr. Cargol's deposition.
27 Given the critical allegations in the present case – Dr. Cargol's physical assault against

1  Plaintiff – and that the Court ordered Dr. Cargol to be deposed in Arizona, the Court finds
2  that videotaping Dr. Cargol's deposition was necessary and reasonable.  <u>See</u> Dkts. 118, Ex.
3  K at pg. 14-15. Because Plaintiff has demonstrated that both the stenographic transcript and
4  videotape of Dr. Cargol's deposition were "necessarily obtained for use in the case," the
5  Court concludes that the costs of videotaping Dr. Cargol's deposition are taxable under
6  §1920(2).  <u>See</u> Dkts. 100, Exs. E2 and E3; 118, Ex. K at pg. 14-15.

7  In the alternative, the Court finds that the costs for videotaping Dr. Cargol's
8  deposition are recoverable because Defendants never objected to either or both methods of
9  recording Dr. Cargol's deposition, dkt. 118, Ex. K at pg. 15.  <u>See</u> <u>Morrison</u>, 97 F.3d at 465
10 ("when a party notices a deposition to be recorded by nonstenographic means, or by both
11 stenographic and nonstenographic means, and no objection is raised at that time by the other
12 party to the method of recordation . . . it is appropriate under §1920 to award the cost of
13 conducting the deposition in the manner noticed.") (citing Fed.R.Civ.P. 30(b)(2)-(3)). Thus,
14 for both reasons, videotaping costs of **$1070** will be awarded to Plaintiff.

15 **Dr. Wilson's Oral Medical Report**

16 Under §1988, Plaintiff is entitled to recover all reasonable out-of-pocket
17 expenses that his counsel would normally charge to a client.  <u>Harris</u>, 24 F.3d at 19-20. In
18 the present case, Defendants "insisted early on that they be provided a copy of Dr. Wilson's
19 oral medical report" in order to evaluate Plaintiff's claim.  (Dkt. 118, Ex. K at pg. 13.)
20 Plaintiff agreed, and also offered to provide a video of the orally recorded report so that
21 Defendants could also evaluate Dr. Wilson's credibility.  (<u>Id.</u>) The Defendants requested
22 that the videotape procedure be conducted.  (<u>Id.</u>) Because the costs of Dr. Wilson's
23 stenographically recorded and videotaped interview were passed on to Plaintiff and it was
24 necessary and reasonable for both procedures to be used in the present case, the Court finds
25 that Plaintiff is entitled to recover the costs for obtaining both a transcript and videotape of
26 Dr. Wilson's oral medical report. Thus, the Court overrules Defendants' objection to the
27
28

1  $167.75 he was previously awarded by the Clerk (see dkt. 131), and awards Plaintiff an
2  additional **$250** for videotaping Dr. Wilson's oral medical report.

**Fees for Copying, Editing, Archiving, Expediting, and Shipping/Handling**

Defendants object to Plaintiff recovering costs for copying, editing, archiving, expediting, and shipping/handling the videotapes of Dr. Cargol's deposition and Dr. Wilson's interview. (Dkt. 135at 2-4.) The Court agrees with Defendants that no good reason has been provided for expediting the videotapes of Dr. Cargol's deposition or Dr. Wilson's interview, even if such expenses were passed on to Plaintiff. Similarly, Plaintiff offers no reason why four copies of Dr. Wilson's videotaped interview were made, rather than two (one copy for Plaintiff and one for Defendants), or why Dr. Cargol's videotaped deposition required editing. Thus, expediting, editing, and copying expenses of **$235** will not be awarded to Plaintiff.

Fees associated with archiving, two copies of Dr. Cargol's videotape, shipping, and handling, however, are reasonable because such costs are an inextricable component ordinarily incurred when obtaining videotapes and are out-of-pocket costs normally charged to clients. See 42 U.S.C. §1988. Thus, archiving and shipping/handling costs of **$294** will be awarded to Plaintiff.

**2. Fees for Exemplification and Copying**

Plaintiff seeks $297.05 in costs for exemplification and copying, which he previously sought to have taxed by the Clerk. (Dkt. 132 at 5-7.) Defendants argue that Plaintiff is not entitled to recover costs for duplicating an audiotape and copying documents produced with his Disclosure Statement because LRCiv 54.1(e)(5) provides for the recovery of only reasonable copying costs for (i) records obtained from third party custodians and (ii) documentary evidence admitted into evidence at a hearing or trial. (Dkt. 135 at 4-5.)

LRCiv 54.1(e)(5) is based on 28 U.S.C. §1920(4), which permits a district court to tax as costs "[f]ees for exemplification and copies of papers necessarily obtained for use in the case." Under §1920(4), the copies need not actually have been used as evidence to

- 8 -

1  justify an award of costs. See Disc Golf Ass'n, Inc. v. Champion Discs, Inc., 158 F.3d
2  1002, 1010 (9th Cir. 1998); Haagen-Dazs Co. v. Double Rainbow Gourmet Ice Creams,
3  Inc., 920 F.2d 587, 588 (9th Cir. 1990) (per curiam). The only requirement is that the copies
4  be "necessarily obtained" in the context of the litigation. Id.; 28 U.S.C. §1920(4). Here,
5  Plaintiff copied documents in order to produce them, pursuant to the Federal Rules of Civil
6  Procedure's disclosure requirement. Thus, paper copies were "necessarily obtained" in the
7  context of the instant litigation. Thus, Plaintiff will be awarded **$173.82** in copying costs.
8  Plaintiff has not explained why six copies were made of an audiotape, however,
9  nor has he identified the information contained on the audiotape. Thus, the costs incurred
10 for making six copies of the audiotape have not been shown to be "necessarily obtained" in
11 the context of the litigation, under §1920(4), or reasonable, under §1988. Thus, the Court
12 denies Plaintiff's request to recover **$123.23** in costs for duplicating an audiotape.

13 **3. Plaintiff's Experts**

14 Plaintiff requests $5,460 in expert fees paid to Dr. Wilson and Dr. Andy Hogg.
15 (Dkt. 132 at 7-8.) The Defendants object to the recovery of this amount for a number of
16 reasons, including that (i) the fees paid to a party's own expert are not taxable under §1920;
17 and (ii) expert fees are not recoverable under 42 U.S.C. §1988 because Plaintiff did not
18 assert a claim under 28 U.S.C. §§1981 or 1981b. (Dkt. 135 at 5.)

19 In the present case, Plaintiff asserted a claim under Title VII of the Civil Rights
20 Act of 1964 against Defendants NAU and ABOR. See Dkt. 30 at 18-19, ¶¶84-93.
21 Although expert fees are not taxable under §1920 and are not recoverable here under
22 §1988,[5] they may be awarded in Title VII actions under 42 U.S.C. §2000e-5(k). See 42

23

24 [5] See West Virginia Univ. Hosps., Inc. v. Casey, 499 U.S. 83, 102 (1991) (holding, expert
25 witness fees cannot be awarded to prevailing parties in cases brought under 42 U.S.C. §1983
   because §1988, which governs fee awards in such cases, does not explicitly allow recovery of expert
26 fees in §1983 actions); 42 U.S.C. §1988(c) ("In awarding an attorney's fee under subsection
   (b) of this section in any action or proceeding to enforce a provision of section 1981 or 1981a
27 of this title, the court, in its discretion, may include expert fees as part of the attorney's

28
- 9 -

1   U.S.C. §2000e-5(k) ("[i]n any action or proceeding under this subchapter the court, in its
2   discretion, may allow the prevailing party, . . . a reasonable attorney's fee (including expert
3   fees) as part of the costs"). Because he asserted a Title VII claim in the instant case,
4   Plaintiff may be entitled to reasonable expert fees under §2000e-5(k).

5   Without citation to any authority, Defendants further argue that Plaintiff is not
6   entitled to recover expert fees because Drs. Wilson and Hogg did not appear in Court, were
7   never deposed, and Defendants did not retain any experts. (Dkt. 135 at 5.) The Court
8   disagrees. As detailed below, the record demonstrates that Plaintiff reasonably anticipated
9   that both Dr. Wilson and Dr. Hogg would be called as expert witnesses if his case had
10  proceeded to trial. Moreover, although Dr. Hogg did not provide a deposition in the case,
11  Dr. Wilson provided an oral medical report to Defendants at the outset of the case in order
12  to assist them in understanding the complexity of Plaintiff's injuries and his future treatment
13  needs. See Dkts. 100, Ex. E at 14, ¶34; at 20, ¶44; 118, Ex. K at 12-13.

14  In the Civil Rights Act of 1991, Pub.L. 102-166, 105 Stat. 1072, Congress
15  "expand[ed] the scope of relevant civil rights statutes in order to provide adequate protection
16  to victims of discrimination," in response to Supreme Court decisions limiting such rights.
17  Landgraf v. USI Film Prods., 511 U.S. 244, 251 (1994) (citation omitted); see Gudenkauf
18  v. Stauffer Communications, Inc., 158 F.3d 1074, 1079 (10th Cir. 1998) (noting that the
19  legislative history of the 1991 Act indicates that Congress intended the civil rights laws to
20  be "broadly construed consistent with their remedial purpose") (citing H.R.Rep No.
21  102-40(I) at 87-88 (1991), reprinted in 1991 U.S.C.C.A.N. at 625-26)). In Landgraf, the
22  Court noted that §2000e-5(k) responded to West Virginia Univ. Hospitals, Inc. (see supra
23  note5) "by providing that an award of attorney's fees may include expert fees." Landgraf,
24  511 U.S. at 251. Given that Congress intended the civil rights laws to be broadly construed
25  consistent with their remedial purpose, the Court concludes that Plaintiff is entitled to

27  fees.").

1    recover his reasonable expert fees even though neither Dr. Wilson nor Dr. Hogg testified
2    at trial or provided depositions, particularly because the record confirms that they would
3    have done so if the case had not settled. See Nissho-Iwai Co., Ltd. v. Occidental Crude
4    Sales, Inc., 729 F.2d 1530, 1553 (5th Cir. 1984) ("Although courts do not ordinarily allow
5    fees for witnesses who have not testified at trial, a court may award such a fee if the witness
6    was ready to testify but extrinsic circumstances rendered his testimony unnecessary.").[6]

7    Finally, Defendants object to Plaintiff recovering his expert fees on the grounds
8    that Drs. Wilson and Hogg were his treating psychologists, not experts, and "Plaintiff has
9    already been awarded damages in connection with the treatment he received from Drs.
10   Wilson and Hogg." (Dkts. 135 at 5-6; 136 at 1-2.)

11   The Court rejects Defendants' argument that Plaintiff seeks to recover fees from
12   his *treating psychologists*. (Dkt. 136 at 2.) Plaintiff has presented undisputed evidence that
13   Dr. Wilson evaluated Plaintiff in order to (i) identify his emotional injuries and damages;
14   (ii) provide a psychological report in connection with his role as an expert witness on
15   psychological damages; and (iii) provide an estimate of costs for a suggested treatment plan
16   for Plaintiff. (Dkt. 118, Ex. K at pg. 12.) In addition, at the outset of the case, Dr. Wilson
17   provided a recorded oral report to Defendants in order to assist them in understanding the
18   complexity of Plaintiff's injuries and his future treatment needs. See Dkts. 100, Ex. E at 14,
19   ¶34; at 20, ¶44; 118, Ex. K at 12-13. Dr. Wilson was also instrumental in supporting
20   Plaintiff's request to keep his identity private. See Dkt. 15, Ex. C (Dr. Wilson's opinion that
21   disclosure of Plaintiff's identity would cause him additional, serious injury).

22   Although Dr. Hogg was primarily a treating psychologist, Plaintiff's attorneys
23   consulted with him on two occasions. First, Dr. Hogg was consulted so that Plaintiff's
24   attorneys could understand his psychological injury and his recovery process so they could

---

[6] The fact that Defendants did not retain any experts does not prevent the Court from awarding Plaintiff fees for the expert services he retained.

- 11 -

properly prepare him for the deposition in which he was forced to relive the allegations asserted in the case. Dkt. 100, Ex. G at 11-12, ¶28. Plaintiff's attorneys also consulted with Dr. Hogg in connection with their intent to use him as an expert witness to assist the jury in understanding Plaintiff's injuries and his course of treatment. Id. at 12, ¶28.

The record contains substantial evidence that the expert report and litigation assistance provided by Drs. Wilson and Hogg were necessary to Plaintiff's case and that the fees incurred by Plaintiff in connection with the employment of both experts was reasonable. See Dkt. 88, Comp.of Experts (Dr. Wilson = $5,260; Dr. Hogg = $200). Because the assistance of Drs. Wilson and Hogg was essential to counsel and potential jurors understanding Plaintiff's psychological injuries and the damages component of the case, as well as counsel understanding how they could prevent Plaintiff from suffering any additional injury during his deposition, the Court finds that Plaintiff is not seeking reimbursement for any treatment provided by Drs. Wilson or Hogg. Rather, Plaintiff seeks only reasonable reimbursement for the services they provided as experts. Thus, Plaintiff will be awarded **$5,460** in expert costs.

**4. Compensation for Mediator**

Plaintiff seeks to be awarded $901.25 in mediation costs. See Dkt. 88. Defendants contend mediation costs are not taxable under any federal statute or LRCiv 54.1(e). Dkt. 135 at 6. In addition, they argue that an award of mediation costs would violate Plaintiff's earlier agreement to split the cost of mediation. Id.

Defendants are correct that mediation fees are not taxable costs under §1920. Defendants also cite Title VII cases in which mediation fees have been held not to be recoverable by the prevailing party. See Brisco-Wade v. Carnahan, 297 F.3d 781, 782-83 (8th Cir. 2002) (mediation fees are not recoverable in Title VII cases); Mota v. Univ. of Tex. Houston Health Sci. Ctr., 261 F.3d 512, 529-30 (5th Cir. 2001) (court abused its discretion in taxing losing party with costs of mediation in Title VII case). Under 42 U.S.C. §1988, however, the costs of mediation are recoverable if reasonable. See Dowdell v. City of

- 12 -

1  Apopka, 698 F.2d 1181, 1192 (11th Cir. 1983)( "all reasonable expenses incurred . . . as an
2  aspect of settlement of the case may be taxed as costs under section 1988").  The fact that
3  the parties originally agreed to split the costs of mediation is irrelevant.  Now that the case
4  has been settled and the Offer of Judgment provides that Plaintiff shall recover $101,005
5  "plus taxable costs and attorney's fees reasonably incurred to the date of this offer" (see dkt.
6  86), Plaintiff's portion of the mediation costs is one of the recoverable items.  See Harris,
7  24 F.3d at 19-20 (under §1988 successful civil rights plaintiffs "may recover *as part of the*
8  *award of attorney's fees* those out-of-pocket expenses that 'would normally be charged to
9  a fee paying client'") (emphasis added).  Thus, Plaintiff will be awarded **$901.25** in
10 mediation costs.

### 5. Delivery Charges

Plaintiff seeks to recover $94 in delivery charges.  (Dkt. 132 at 6.)  Defendants argue that they should not be assessed this expense because Plaintiff's counsel conveniently elected to deliver certain documents, rather than mail them.  (Dkt. 135 at 6.)  Plaintiff's evidence demonstrates that delivery charges were incurred only in connection with filing necessary pleadings with the Court.  See Dkt. 100, Ex. G at 16, ¶32.  The Court finds the delivery charges are recoverable under §1988 because they were reasonable and necessarily incurred.  In addition, the delivery charges are an out-of-pocket expense normally charged to clients, see id., Ex. B at 1-2.  See Davis v. City and County of San Francisco, 976 F.2d 1536, 1556 (9th Cir. 1992) (courier charges allowed), vacated in part on other grds, 984 F.2d 345 (1993); Doe v. Keala, 361 F.Supp.2d 1171, 1189-90 (D. Hawaii 2005) (out-of-pocket expenses for messenger fees are ordinarily allowed under §1988).  Thus, Plaintiff will be awarded **$94** in delivery costs.

### 6. Lodging/Conference Room

Plaintiff seeks to recover $249.49 for lodging and conference room charges. (Dkt. 132 at 9.)  Defendants object to reimbursement on the grounds that "there were no court proceedings or depositions occurring on January 31, February 1, or April 17, 2005,"

the dates of the charges. (Dkt. 135 at 7.) Defendants do not dispute that the conduct at issue occurred at NAU in Flagstaff, Arizona, or that Plaintiff and most of the witnesses resided in Flagstaff. Moreover, Plaintiff has presented ample evidence that his attorneys, who reside in Phoenix, incurred lodging expenses in connection with their investigation and processing of the case. See Dkt. 100, Ex. G at 17, ¶34.

The Court finds that these charges are entirely necessary, given that the conduct at issue took place in Flagstaff and counsel was required to travel to there on several occasions for investigation. Moreover, the Court finds that the expenditure of $249.49 in lodging expenses to investigate the case over the course of this three-year litigation is reasonable, and that such expenses are ordinarily charged to clients. See Dkt. 100, Ex. B at 1. Thus, Plaintiff will be awarded **$249.49** in lodging/conference room expenses. See Harris, 24 F.3d at 1919-20 (lodging expenses recoverable under §1988 if reasonable).

### 7. AT&T Conference and Long Distance Calls

Plaintiff seeks to recover $145.67 for a conference call among counsel that occurred on Monday, September 13, 2004, for the purpose of discussing the mandatory Rule 16 Conference scheduled to take place on September 28, 2004. (Dkt. 132 at 9.) Defendants contend the telephone charges are unreasonable because September 13, 2004 was a Saturday and Plaintiff could have arranged for a conference call among lawyers without utilizing operator assistance.

Several attorneys from two different law firms represented Plaintiff in the present case. The record supports Plaintiff's assertion that, in the early stages of the case, the attorneys engaged in extensive conferencing. See Dkt. 130 at 4. Given the number of attorneys who represented Plaintiff in the present case, the Court finds that a single conference call among all counsel to discuss the Rule 16 Conference is a reasonable expense and would normally be charged to a fee-paying client in the course of providing legal services. See Dkt. 100, Ex. B at Defendants' speculation that the call could have taken place without an operator is not supported by any evidence, and Defendants fail to show

1  how much of the cost was due to operator assistance, rather than the length of the call,
2  which was nearly three hours. See Dkt. 88.  Thus, under §1988, the Court will award
3  Plaintiff **$145.67** for a conference call charges.  See Certain v. Potter, 330 F.Supp.2d 576,
4  591 (M.D.N.C. 2004) (reasonable litigation expenses under §1988 include such expenses
5  as "secretarial costs, copying, telephone costs and necessary travel"); Doe v. Keala, 361
6  F.Supp.2d at 1189-90 (out-of-pocket expenses for long distance telephone calls are
7  ordinarily allowed under §1988).

## **CONCLUSION**

9  For the reasons set forth above, the Court will award Plaintiff **$9,215.73** in costs,
10 reasonable expenses, and expert fees to be paid jointly and severally by all Defendants.
11 Accordingly,

12 **IT IS HEREBY ORDERED GRANTING**, in part, and **DENYING**, in part,
13 Plaintiff's Request for Reimbursement of Costs or Reimbursement as Part of Attorneys'
14 Fees, as stated in this Order. (Dkt. 132.)

15 **IT IS FURTHER ORDERED** that Plaintiff shall be entitled to recover
16 **$9,215.73** against Defendants Owen Cargol, Dai-Lih Cargol, Northern Arizona University,
17 and the Arizona Board of Regents, jointly and severally.

18 **IT IS FURTHER ORDERED** that the Clerk of Court shall enter judgment
19 according to the terms of this Order.

20 DATED this 11th day of December, 2006.

Stephen M. McNamee
United States District Judge